IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TYRONNE GOULD, SR.,       :
                                  :
       Plaintiff,          :
                                  :
       v.              :  CIVIL ACTION NO.
                                  :  1:09-CV-2940-TWT-CCH
METROPOLITAN ATLANTA RAPID  :
TRANSIT AUTHORITY (MARTA),   :
                                  :
       Defendant.       :

## O R D E R

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 18th day of May, 2011.

_____

C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TYRONNE GOULD, SR., :  CIVIL ACTION NO.
         :  1:09-CV-2940-TWT-CCH
    Plaintiff,  :
         :
   v.     :
         :
METROPOLITAN ATLANTA RAPID :  **F I N A L   R E P O R T   A N D**
TRANSIT AUTHORITY (MARTA), :  **RECOMMENDATION ON A**
         :  **M O T I O N   F O R   S U M M A R Y**
    Defendant. :  **JUDGMENT**

   Plaintiff, proceeding *pro se*, filed the above-styled civil action on September 3,

2009. He claims that Defendant Metropolitan Atlanta Rapid Transit Authority

("MARTA") subjected him to employment discrimination and sexual harassment in

violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§§ 2000e, *et seq.* The action is before the Court on Defendant's Motion for Summary

Judgment [29]. For the reasons discussed below, the undersigned **RECOMMENDS**

that Defendant's Motion for Summary Judgment [29] be **GRANTED** and that

judgment be entered in favor of Defendant on all counts of Plaintiff's Complaint.

## I.  BACKGROUND FACTS

   Unless otherwise indicated, the Court draws the undisputed facts from

Defendant's "Statement of Material Facts" ("Def. SMF"). Plaintiff has failed to file

any response to the Defendant's Motion for Summary Judgment; thus, he has failed

to respond to the numbered facts presented by Defendant, as required by Local Rule 56.1B(2). *See* LR 56.1B(2), NDGa. Because Plaintiff has not specifically controverted any of Defendant's facts, the Court must accept those facts as admitted. *See* LR 56.1B(2), NDGa. The Court nevertheless views these facts in the light most favorable to Plaintiff, as required on a defendant's motion for summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *McCabe v. Sharrett*, 12 F.3d 1558, 1560 (11th Cir. 1994); *Reynolds v. Bridgestone/Firestone, Inc.*, 989 F.2d 465, 469 (11th Cir. 1993). Accordingly, the following facts, although deemed admitted under the Local Rules, are viewed in the light most favorable to Plaintiff.

Plaintiff Tyronne Gould, Sr. began his employment with MARTA on April 30, 2007. Def. SMF at ¶ 1. He worked as a System Data Specialist in Mobility Services, formerly known as Para transit Operations, and in that position he was responsible for entry of manifest and trip data into an automated scheduling system. Def. SMF at ¶¶ 2, 3. Plaintiff was also responsible for printing all mobility operators' manifest, entering daily revenue into a spreadsheet, and documenting lost articles. Def. SMF at ¶ 4. Plaintiff was supervised by Doncella Rowe, also known as Doncella Avery, Senior Data Specialist in Mobility Services. Def. SMF at ¶ 5.

In July of 2007, Plaintiff had a disagreement with Erica Miller, a Mobility Operator also employed by MARTA. Def. SMF at ¶¶ 6, 7. Plaintiff and Miller engaged in inappropriate name-calling, but neither employee reported any sexual references and neither reported sexual harassment. Def. SMF at ¶¶ 8-10. Rowe met with Plaintiff and Miller and resolved the dispute. Def. SMF at ¶ 11.

On Wednesday, September 5, 2007, Plaintiff was scheduled to report to work at 10:00 p.m., but failed to report to work and failed to notify his supervisor as required by office procedure. Def. SMF at ¶¶ 12, 13. As of September 5, 2007, Plaintiff was "absent without leave" or "AWOL" in violation of MARTA policy. Def. SMF at ¶ 14. Termination is the course of action applicable to employees who are AWOL. Def. SMF at ¶ 15. Rowe made several attempts to contact Plaintiff by phone between September 6-10, 2007, without success. Def. SMF at ¶ 16. Rowe notified management of Plaintiff's failure to report to work. Def. SMF at ¶ 17. On Saturday, September 8, 2007, Plaintiff called Sharon Crenchaw, the Director of Mobility Services, to inquire about his employment status, and when Crenchaw asked him why he was inquiring about his employment status, Plaintiff admitted that he had not shown up for work and had not called his supervisor. Def. SMF at ¶¶ 18-21. Plaintiff told Crenchaw that he was absent because had been working at a temporary agency. Def. SMF at ¶ 22.

3

Plaintiff also told Crenchaw in that phone conversation that he had filed claims of sexual harassment that had been ignored by Rowe and by Vicki Dewberry, the General Superintendent of Mobility Services. Def. SMF at ¶¶ 23, 24. Crenchaw advised Plaintiff that she was unaware of any complaints of sexual harassment, but would inquire immediately Monday morning. Def. SMF at ¶ 25. Crenchaw told Plaintiff to report to her office Monday morning to discuss the concerns he raised in their conversation. Def. SMF at ¶ 26. Plaintiff did not report to Crenchaw's office on Monday morning, nor did he call her. Def. SMF at ¶ 27.

MARTA does not have any record of Plaintiff's complaints about sexual harassment. Def. SMF at ¶ 28. MARTA has a Discrimination Policy that expressly prohibits sexual harassment and related retaliation. Def. SMF at ¶ 29. MARTA's sexual harassment policy is published to its employees on its website and on all official bulletin boards. Def. SMF at ¶ 30. All managers and supervisors are responsible for taking immediate action to stop any offensive behavior under MARTA's Discrimination Policy. Def. SMF at ¶ 31. In addition, all employees are responsible for reporting any form of sexual harassment. Def. SMF at ¶ 32.

Complaints of discrimination and harassment are to be reported to the Office of Diversity and Equal Opportunity. Def. SMF at ¶ 33. The Office of Diversity and

4

Equal Opportunity is the enforcement arm for MARTA's Discrimination Policy. Def. SMF at ¶ 34. Any employee wishing to make a complaint of discrimination with the Office of Diversity and Equal Opportunity is required to fill out a complaint form; after an employee makes a complaint, MARTA responds to the complaint in writing at or near the time of the complaint. Def. SMF at ¶ 35. In the normal course of business, MARTA keeps all complaints of discrimination. Def. SMF at ¶ 35. The Office of Diversity and Equal Opportunity does not have a record or knowledge of Plaintiff filing a complaint of discrimination or harassment. Def. SMF at ¶ 36.

As of September 10, 2007, Dewberry, the General Superintendent of Mobility Services, was preparing to terminate Plaintiff's employment for his violation of MARTA policy. Def. SMF at ¶ 37. On September 13, 2007, Plaintiff met with Rowe, his supervisor, and Donnell Peterman, Superintendent, to discuss his employment status. Def. SMF at ¶ 38. Plaintiff asked if he could submit a voluntary resignation rather than be terminated for being AWOL. Def. SMF at ¶ 39. Plaintiff submitted a voluntary resignation of his employment on September 13, 2007. Def. SMF at ¶ 40.

In his Complaint, Plaintiff alleges that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 8, 2008.

Compl. at ¶ V, Ex. A. He further alleges that he later received a Right to Sue notice

from the EEOC. *See* Compl. at ¶ V, Ex. B (Right to Sue Notice dated June 3, 2009).

## II.   <u>DISCUSSION</u>

### A.   <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is authorized when "the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as

to any material fact and that the movant is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of

demonstrating the absence of a genuine dispute as to any material fact. *See Adickes*

*v. S. H. Kress & Co.*, 398 U.S. 144, 175 (1970); *Bingham, Ltd. v. United States*, 724

F.2d 921, 924 (11th Cir. 1984). The movant carries this burden by showing the court

that there is "an absence of evidence to support the nonmoving party's case." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In making its determination, the court

must view the evidence and all factual inferences in the light most favorable to the

nonmoving party.

Once the moving party has adequately supported its motion, the nonmoving

party must come forward with specific facts that demonstrate the existence of a

genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party is required "to go beyond the pleadings" and to present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the nonmoving party's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

When considering motions for summary judgment, the court does not make decisions as to the merits of disputed factual issues. *See Anderson*, 477 U.S. at 249; *Ryder Int'l Corp. v. First American Nat'l Bank*, 943 F.2d 1521, 1523 (11th Cir. 1991). Rather, the court only determines whether there are genuine issues of material fact to be tried. Applicable substantive law identifies those facts that are material and those that are irrelevant. *Anderson*, 477 U.S. at 248. Disputed facts that do not resolve or affect the outcome of a suit will not properly preclude the entry of summary judgment. *Id.*

If a fact is found to be material, the court must also consider the genuineness of the alleged factual dispute. *Id.* An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not

significantly probative." *Id.* at 250. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 242. Moreover, for factual issues to be genuine, they must have a real basis in the record. *Matsushita*, 475 U.S. at 587. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). Thus, the standard for summary judgment mirrors that for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 259.

B.   PLAINTIFF'S TITLE VII CLAIMS

In his Complaint, Plaintiff has asserted a claim under Title VII against MARTA for "employment discrimination and sexual harassment." Compl. at 1. In his factual allegations, he alleges that he was subjected to several incidents of sexual harassment by Erica Miller, and that he complained about those incidents to Doncella Rowe, Vicki Dewberry, and Jo Dennis, Assistant Superintendent, but they failed to

8

investigate properly or do anything to remedy the situation. *See* Compl. at 4-5. He further alleges that MARTA retaliated against him for making complaints about sexual harassment by "forcing" him to submit his resignation. Compl. at 8-9. He alleges that Rowe told him "you're fired!" on September 10, 2007, and told him to bring in his MARTA badge, keys, and other items, and that on September 13, 2007, Donell Peterman "demanded" that he write and sign a resignation. Compl. at 9. Accordingly, although Plaintiff states that his claim against MARTA is for "employment discrimination and sexual harassment," the undersigned also interprets Plaintiff's Complaint as alleging a claim for unlawful retaliation under Title VII.

1.    Standards of Proof under Title VII

Title VII of the Civil Rights Act of 1964 provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To prevail on a Title VII claim, a plaintiff must prove that the defendant acted with discriminatory intent. *Hawkins v. Ceco Corp.*, 883 F.2d 977, 980-981 (11th Cir. 1989); *Clark v. Huntsville City Bd. of Educ.*, 717 F.2d 525, 529 (11th Cir. 1983). Such discriminatory intent may be established either by direct evidence or by circumstantial evidence

9

meeting the four-pronged test set out for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Holifield v. Reno*, 115 F.3d 1555, 1561-62 (11th Cir. 1997); *Nix v. WLCY Radio/Rahall Comm.*, 738 F.2d 1181, 1184 (11th Cir. 1984).

A plaintiff may establish a violation of Title VII by proving that he was harassed on the basis of sex and that such harassment affected a term or condition of his employment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 66 (1986); *Henson v. City of Dundee*, 682 F.2d 897, 902-904 (11th Cir. 1982). As the United States Supreme Court has stated:

> [T]he language of Title VII is not limited to "economic" or "tangible" discrimination.  The phrase "terms, conditions, or privileges of employment" evinces a congressional intent to "'strike at the entire spectrum of disparate treatment of men and women'" in employment.

*Meritor Savings Bank*, 477 U.S. at 64 (citations omitted). Thus, an employer is liable for a violation of Title VII based on sexual harassment when the harassing conduct "unreasonably interferes with an employee's job performance by creating a hostile, intimidating, or offensive work environment." *Id.* at 65.

2.    <u>Plaintiff's Claim of Hostile Work Environment</u>

Plaintiff has asserted a claim under Title VII against MARTA for "employment discrimination and sexual harassment." Compl. at 1. The undersigned has construed Plaintiff's claim as asserting a claim against MARTA for maintaining a hostile work environment based on sex. In his factual allegations, Plaintiff does not allege that he was subjected to any form of disparate treatment based on his sex other than the acts of alleged sexual harassment committed by Erica Miller. Plaintiff also does not allege that he was subjected to discrimination on the basis of his race, or any other protected classification under Title VII.

To establish a *prima facie* case for a Title VII claim against an employer for a hostile work environment based on sexual harassment, a plaintiff must show that: 1) he belongs to a protected class; 2) he was subjected to unwelcome sexual harassment; 3) the harassment was based on sex; 4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment, and 5) there is a basis for holding the employer liable for the harassment either directly or indirectly. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002); *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir. 1995); *Henson v. City of Dundee*, 682 F.2d

11

897, 903-905 (11th Cir. 1982); *see also Faragher v. City of Boca Raton*, 524 U.S. 775,

788 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).

In order to demonstrate the fourth element of a *prima facie* case of a hostile

work environment, Plaintiff must show that the work environment was "permeated

with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or

pervasive to alter the conditions of [] employment and create an abusive working

environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *see also Gupta v.*

*Florida Board of Regents*, 212 F.3d 571, 584 (11th Cir. 2000). A court must consider

the "totality of the circumstances" in determining whether a hostile environment is

severe or pervasive enough to be actionable under Title VII; it must consider not only

the frequency of the incidents alleged but also the gravity of those incidents. *Harris*,

510 U.S. at 23; *Vance v. Southern Bell Tel. & Tel. Co.*, 863 F.2d 1503, 1511 (11th Cir.

1989). Other factors that are relevant are whether the offensive conduct is physically

intimidating or humiliating, and whether it unreasonably interferes with the plaintiff's

work performance. *Harris*, 510 U.S. at 23. As the Supreme Court has stated, "simple

teasing, offhand comments, and isolated incidents (unless extremely serious) will not

amount to discriminatory changes in the terms and conditions of employment."

*Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted).

In evaluating whether a reasonable person would find conduct to be sufficiently severe or pervasive, "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998); *see also Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999) (*en banc*) ("courts should examine the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive to alter the terms or conditions of the plaintiff's employment and create a hostile or abusive working environment.").

In the instant action, there is no dispute that Plaintiff is a male and a member of a protected class, and that he contends that he was subjected to unwelcome harassment on the basis of his sex. Defendant MARTA argues, however, that Plaintiff has failed to establish a *prima facie* case of a hostile work environment based on sex because he has failed to present any evidence to show that the alleged harassment was severe or pervasive enough to alter the terms or conditions of his employment. Thus, MARTA argues that he has failed to demonstrate that the alleged harassment created a hostile work environment in violation of Title VII. Because the Plaintiff has failed to point to any evidence in the record in support of his allegations of sexual harassment, the Court agrees.

13

As noted above, Plaintiff has failed to respond to Defendant's Motion for Summary Judgment and has failed to file any Statement of Facts, affidavits, depositions, or other evidence in opposition to the motion. Although Plaintiff alleges in his Complaint that he was subjected to several incidents of sexual harassment by his co-worker Erica Miller, the Plaintiff has failed to point to any evidence in support of those allegations. Accordingly, Plaintiff has failed to point to any evidence that his work environment was "permeated with discriminatory intimidation, ridicule, and insult," or any other evidence that the acts of sexual harassment were either severe or pervasive enough to create a hostile work environment on the basis of sex. For that reason, the Court finds that Plaintiff has failed to present sufficient evidence to establish a *prima facie* case of a hostile work environment based on sex and Defendant is thus entitled to summary judgment on that claim.

3.    Plaintiff's Claim of Retaliation

Plaintiff has also alleged that MARTA violated Title VII when it forced his resignation for his having complained about alleged sexual harassment by Miller.[1]

---

[1] Defendant states in its brief that "Plaintiff appears to be alleging constructive discharge in his Charge of Discrimination." Def. Br. at 17. Defendant surmises that Plaintiff may have meant to allege that was wrongfully terminated or constructively discharged in violation of Title VII. There is no allegation, however, that Plaintiff was discharged because of his sex, race, religion, or other protected classification under

Title VII acts to shield employees from retaliation for certain protected practices. Specifically, the statute provides, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because [the employee or applicant] has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). Plaintiff has alleged that Defendant retaliated against him by "forcing" him to resign his employment.

Proof of retaliation is governed by the framework of shifting evidentiary burdens established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 600 (11th Cir. 1986); *see also Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162-63 (11th Cir. 1993). In order to prevail, a plaintiff must first establish a *prima facie* case of retaliation. *Goldsmith*, 996 F.2d at 1162-63;

---

Title VII; thus, he has not pled a claim of wrongful termination under Title VII. Construing the Plaintiff's Complaint liberally, the Court considers the Plaintiff's claim to be that he was terminated in retaliation for his alleged complaints of sexual harassment. *See* Compl. at 8 ("that is why they **retaliated** against my [sic] by firing me and forcing me to write a resignation; which is referred to as a **constructive discharge**" (emphasis in original)).

*Donnellon*, 794 F.2d at 600-601; *see also Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1524 (11th Cir. 1991); *Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985). Once a *prima facie* case has been established, the employer must come forward with a legitimate non-discriminatory reason for its action. *Goldsmith*, 996 F.2d at 1162-63; *Donnellon*, 794 F.2d at 600-601; *see also Weaver*, 922 F.2d at 1525-1526. If the employer carries its burden of production to show a legitimate reason for its action, the plaintiff then bears the burden of proving by a preponderance of the evidence that the reason offered by the defendant is merely a pretext for discrimination. *Goldsmith*, 996 F.2d at 1162-63; *Donnellon*, 794 F.2d at 600-601.

a.      *Prima Facie* Case

To establish a *prima facie* case of illegal retaliation under 42 U.S.C. § 2000e-3(a), Plaintiff must show that: (1) he engaged in a statutorily protected expression; (2) he received an adverse employment action, and (3) there was a causal link between the protected expression and the adverse action. *See, e.g., Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998); *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1524 (11th Cir. 1991); *Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985).

16

(1)    Protected Activity

A plaintiff alleging unlawful retaliation can show that he engaged in a protected act under Title VII through evidence of either "participation" or "opposition." An act of participation requires the existence of a Title VII proceeding or investigation. *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000); *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1353 (11th Cir. 1999).

In this case, Plaintiff alleges in his Complaint that he made several complaints expressing "opposition" to the alleged sexual harassment by Miller to Doncella Rowe, Vicki Dewberry, and Jo Dennis, Assistant Superintendent, but they failed to investigate properly or do anything to remedy the situation. *See* Compl. at 4-5. He further alleges that MARTA retaliated against him for making complaints about sexual harassment by "forcing" him to submit his resignation. Compl. at 8-9. Plaintiff, however, has failed to point to any evidence in the record in support of these allegations. Accordingly, the undersigned finds that Plaintiff has failed to establish a *prima facie* case of unlawful retaliation because he has failed to point to any evidence in the record that he engaged in a protected activity under Title VII.

As set forth in the facts, it is undisputed that MARTA does not have any record of Plaintiff's complaints about sexual harassment. Def. SMF at ¶¶ 28, 36. MARTA

17

has a Discrimination Policy that expressly prohibits sexual harassment and related retaliation. Def. SMF at ¶ 29. Under the Discrimination Policy, complaints of discrimination and harassment are to be reported to the Office of Diversity and Equal Opportunity. Def. SMF at ¶ 33. Any employee wishing to make a complaint of discrimination with the Office of Diversity and Equal Opportunity is required to fill out a complaint form; after an employee makes a complaint, MARTA responds to the complaint in writing at or near the time of the complaint. Def. SMF at ¶ 35. In the normal course of business, MARTA keeps all complaints of discrimination. Def. SMF at ¶ 35. The Office of Diversity and Equal Opportunity does not have a record or knowledge of Plaintiff filing a complaint of discrimination or harassment. Def. SMF at ¶ 36.

Thus, because Plaintiff has failed to point to any evidence in the record that he engaged in any protected activity under Title VII, and it is undisputed that MARTA has no record of any complaint by Plaintiff about sexual harassment, the Court finds that Plaintiff has failed to establish a *prima facie* case of unlawful retaliation under Title VII and Defendant is entitled to summary judgment on that claim.

III.    **RECOMMENDATION**

For all the above reasons, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment [29] be **GRANTED** and that judgment be entered in favor of Defendant on all counts of Plaintiff's Complaint.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

IT IS SO RECOMMENDED this 18th day of May, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE